IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| City of Myrtle Beach | ) | Civil Action No.: 4:10-cv-02884-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Buchanan Motels, LLC, Atlantica | ) | |
| Property Owners' Association, Inc., | ) | |
| Captains Quarters Motor Inn, Inc., | ) | |
| Coral Beach Homeowners Association, | ) | |
| Inc., Dunes Village Property Owners' | ) | **ORDER** |
| Association, Inc., Dunes Village | ) | |
| Vacation Owners' Association, Inc., | ) | |
| Meridian Plaza HPR Council Co-Owner, | ) | |
| Monterey Bay Suites Resort | ) | |
| Homeowners' Association, Inc., Patricia | ) | |
| Grand Homeowners' Association, Inc., | ) | |
| Patricia Grand Resort, LLC, Sea Crest, | ) | |
| Inc., The Palace Horizontal Property | ) | |
| Regime, Inc., and The Windsurfer, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Motion for Summary Judgement [Doc. # 43]. As discussed below, this Court finds that summary judgment may be appropriate for the non-moving Defendants on grounds not directly raised by the Parties. Therefore, pursuant to Federal Rule of Civil Procedure 56(f)(1) and (2), the Court is providing all Parties to this case with notice and a reasonable time to respond before granting a judgment independent of the Motion.

This case centers around whether various Myrtle Beach businesses, by operating enclosed ground-level swimming pools, have violated local ordinances and the National Flood Insurance Act of 1968, which is monitored by FEMA through the voluntary National Flood Insurance Program ("NFIP").

Plaintiff, the City of Myrtle Beach ("Plaintiff"), seeks the following relief from this Court:

1.  Declaratory judgment that Defendants, various Myrtle Beach businesses, are in violation of the regulations enacted under the National Flood Insurance Act by having enclosed ground-level pools.

2.  Declaratory judgment that Defendants are in violation of local zoning ordinances by having enclosed ground-level pools.

3.  Injunctive relief to prevent Defendants from continuing to violate the local ordinances by requiring them to remove any enclosures from around their swimming pools.

## **Discussion**

### **A.     Plaintiff's First Request for Relief**

For the following reasons, judgement in Defendants' favor appears appropriate as to Plaintiff's first request for relief.

First, upon initial review, it would appear that, as to Plaintiff's first request, the NFIP and relevant regulations in this case, promulgated pursuant to the National Flood Insurance Act, are applicable to communities and not businesses. The regulations cited by Plaintiff and Defendants, on their face, are part of a voluntary program that speaks only to requirements that "communities" must maintain in order to become or remain eligible for subsidized insurance under the NFIP. *See* 44 C.F.R. § 60.1 (explaining that *communities* are responsible for enacting regulations); 44 C.F.R. § 60.2(a) ("A flood-prone *community* applying for flood insurance eligibility shall meet the standards of § 60.3(a)."); 44 C.F.R. § 60.3(a) (outlining requirements *communities* shall perform). Further, 42 U.S.C.A. § 4003(a)(1) defines community for purposes of the National Flood Insurance Act as a "a State or a political subdivision thereof which has zoning and building code jurisdiction over a particular area having special flood hazards . . . ."

As Plaintiff indicates, any violation alleged under the National Flood Insurance Act by Defendants has been committed by their failure to comply with the regulatory scheme noted above. These voluntary regulations, though, lay out standards that a community's businesses and

2

other entities should maintain so that <u>*the community*</u>, as a whole, remains eligible for insurance under NFIP. It is difficult to see how Defendants, as businesses, could violate regulations to which only a "community," and in this case, the City of Myrtle Beach, has voluntarily subjected itself.

Second, what Defendants truly stand accused of is violating a local ordinance, which, as Plaintiff explains, "is clear on its face." [Pl.'s Reply, Doc. # 45, at 1.] Defendants spend a great deal of time taking issue with FEMA's interpretation of the NFIP regulations that may have driven Plaintiff to enact its ordinance, which has a presumption of validity. However, "[t]he challenged legislation in the case at bar is clearly not among the limited and well defined exceptions to the principle discouraging judicial inquiry into legislative motive." *S.C. Educ. Ass'n v. Campbell*, 883 F.2d 1251, 1259 (4th Cir. 1989) (explaining that such exceptions include cases relating to race and sex discrimination, establishment of religion, and freedom of speech). That this Court should avoid delving into the motive or intent behind the ordinance is bolstered by the fact that Plaintiff, the community that enacted the ordinance, has neither disagreed with nor formally challenged FEMA's interpretation of the NFIP regulations in this case.

Third, to the extent this Court could declare anything regarding Defendants' failure to comply with the NFIP regulations, it would be that Defendants' actions are causing Plaintiff, as a community, to fall outside of NFIP's voluntary program as interpreted by a FEMA representative. But such a declaration would be wrought with justiciability concerns. One, FEMA is not a party to this case, nor has Plaintiff (or Defendants for that matter) attempted to challenge FEMA's interpretation in a direct action involving FEMA. Two, any declaration by the Court in this case that Defendants (who are not communities) do not comply with the voluntary standards of the NFIP and its accompanying regulations would appear to be little more than an impermissible advisory opinion, as "such an order would not be determinative of any controversy to which [Plaintiff] is a party and would be valueless to [Plaintiff]." *Lebowich v. O'Connor*, 309

F.2d 111, 114 (2nd Cir. 1962); *see also Michael v. Cockerell*, 161 F.2d 163, 164 (1947) (holding that federal courts may not issue advisory opinions).

## B.    **Plaintiff's Second and Third Requests for Relief**

The remaining issues raised in Plaintiff's Complaint, whether Defendants are in violation of a local ordinance and whether Defendants should be forced into compliance, are matters that are squarely addressed by the application of state law. This Court may decline to exercise jurisdiction as to these claims. *See* 28 U.S.C.A. § 1367(c) (empowering a district court to decline supplemental jurisdiction when federal issues have been dismissed).

## Conclusion

Because Defendants have not moved for summary judgment and the above issues were not specifically raised by any Party, this Court is obligated to afford all Parties "notice and a reasonable time to respond" before entering judgment on these grounds and independent of the Motion. *See* Fed. R. Civ. P. 56(f)(1)–(2).

Based on the foregoing, it is **ORDERED** that:

All Parties to this case will have ten (10) calendar days to respond to this order, including, but not limited to, any briefings on the following issues:

- How Defendants, as business entities, could violate the federal regulations at issue in this case.

- The appropriateness of summary judgment in Defendants' favor as to Plaintiff's first request for relief.

- How Plaintiff's second and third requests for relief raise any substantial federal issue.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
November 23, 2011